**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 14 2016**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 14-34156 |
| | ) | |
| Xunlight Corporation, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 16-3023 |
| | ) | |
| Doug Dymarkowski, Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Iland Green Technologies, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER GRANTING MOTION TO COMPEL**

This adversary proceeding is before the court on Plaintiff's motion to compel Defendant Northwest Ohio Technology Company, LLC ("NOTC") to respond to a certain interrogatory and request for production of documents ("Motion to Compel") [Doc. # 39], NOTC's opposition [Doc. # 40], and Plaintiff's reply [Doc. # 44].

Plaintiff is the Trustee in the underlying Chapter 7 case. He commenced this adversary proceeding on March 28, 2016, seeking to avoid security interests claimed by Defendants Iland Green Technologies, Inc., ("Iland") and Daniele Oppizzi ("Oppizzi") in Debtor's accounts receivable, inventory and intellectual property ("Collateral") pursuant to 11 U.S.C. §§ 544 and 547, and to enforce an agreement between

Emerald Cleantech Fund II, L.P. ("Emerald"), Iland and Oppizzi subrogating Emerald's security interest to the security interests of Iland and Oppizzi. In addition, the Trustee's complaint seeks an order requiring Emerald and NOTC to turn over to the Trustee the Collateral or the value of the Collateral pursuant to 11 U.S.C. §§ 550 and 541.

NOTC does not dispute the following facts. NOTC is a transferee of the Collateral pursuant to Emerald's sale of the Collateral after entry of agreed orders [Doc. ## 79 & 112] granting Emerald relief from the automatic stay to exercise its "rights and remedies under applicable non-bankruptcy law" against and with respect to the Collateral. The agreed orders provide that the orders shall not be construed or applied so as to limit the Trustee's authority to bring any claims authorized under the Bankruptcy Code, including actions under Chapter 5 of the Bankruptcy Code with respect to the Collateral, "provided, however, that if the Trustee has not commenced an action against Emerald Cleantech with regard to Emerald Cleantech's interest in the Collateral by the Challenge Deadline," defined as "the 60th day following entry of this Court's order on the Application to Employ Centrus Group, Inc. as Financial Advisor for the Trustee (Doc. No. 86)," then the Collateral would be deemed abandoned. [Doc. # 112, pp. 3-4]. The Trustee timely commenced this action, and the Collateral has not been abandoned.

On June 21, 2016, the Trustee served upon NOTC his first set of Requests for Admission, Interrogatories and Requests for the Production of Documents. At issue is Interrogatory No. 16, which asks NOTC to

> disclose whether the property purchased from Emerald under the Bill of Sale is currently being used in your business operations. If the property is being used in your business operations, please state the purpose for which such property is being used. If the property is not being used in your business operations, please describe the status of the property, including whether it has been sold or transferred (or will be sold or transferred) to another party, including the name of the transferee. Your Answer should also include the status of the intangible property purchased under the Bill of Sale, including the patents and accounts receivable.

[Doc. # 39, p. 3]. NOTC responded as follows:

> Defendant NOTC objects to Interrogatory No. 16 based upon relevance. Further responding, NOTC entered into a valid purchase agreement which was authorized and approved by the Bankruptcy Court. The status or disposition of the assets after the transfer to NOTC is completely irrelevant to these proceedings and beyond the scope of discoverable information

[*Id.* at 4].

Also at issue is the Trustee's following Request for Production of Documents No. 3:

Please produce copies of all documents related to any subsequent transactions which

occurred with respect to the property you purchased under the Bill of Sale, including any subsequent sale of such property and/or the realization of any recovery on the accounts receivable which were purchased. Such documentation should include any faxes, letters, emails or other documents corroborating communications between the parties.

[*Id.* at 3]. NOTC objected, stating that the request is "irrelevant, too broad and far over-reaching as it does not relate to the claims of this adversary proceeding." [*Id.* at 4].

## LAW AND ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7026, sets forth the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1).

In responding to the requested discovery, NOTC did not assert privilege as a basis for its objection. Rather, its objection is based on relevance and, with respect to the challenged request for production of documents, that the specified request is overly broad. To the extent that NOTC's overbreadth objection is an objection that the requested discovery is not proportional to the needs of the case, it offers no basis for such a finding, other than its argument that the discovery is not relevant. *See* Fed. R. Bankr. P. 7034; Fed. R. Civ. P. 34(b)(2)(B) (providing that a response to a request for production of documents "must. . .state with specificity the grounds for objecting to the request, including the reasons."). The court thus addresses the relevancy of the requested discovery, which is the sole focus of NOTC's response to the Trustee's Motion to Compel.

" Once an objection to the relevance of the information sought is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309–10 (W.D. Tenn. 2008). Although the recently amended Rule 26(b) does not precisely define relevancy, as one court noted:

> Certainly, information is relevant if it logically relates to a party's claim or defense. Although the rule was recently amended to remove language permitting the discovery of "*any matter* relevant to the subject matter involved in the action" (emphasis added) and "relevant information ... reasonably calculated to lead to the discovery of admissible evidence," the rule in its current form still contemplates the discovery of information relevant to the subject matter involved in the action, as well as relevant information that would be inadmissible at trial. Fed. R. Civ. P. 26(b)(1), advisory committee notes to 2015 amendment. Accordingly, it remains true that relevancy in discovery is broader than relevancy for purposes of admissibility at trial.

*Townsend v. Nestle Healthcare Nutrition, Corp.*, No. 3:15CV06824, 2016 WL 1629363, *3, 2016 U.S. Dist.

3

LEXIS 53918, *9 (S.D. W.Va. Apr. 22, 2016); *see* Fed. R. Bankr. P. 9017; Fed. R. Evid. 401.

The challenged discovery requests focus on the location and status of the Collateral as the subject matter of the action and the disposition, if any, of the Collateral by NOTC after purchasing it from Emerald. Specifically, the Trustee seeks information regarding whether the Collateral is being used in NOTC's business and, if so, the purpose for which it is being used, whether the Collateral has been sold or transferred, and if so, to whom. The Trustee also seeks production of documents relating to any subsequent disposition of the Collateral or realization of any recovery on the accounts receivable purchased by NOTC. The Trustee contends that the requests are relevant to his § 550 claim in that they are relevant to determining whether recovery of the Collateral is practicable or whether he instead should seek to recover the value of the Collateral. The Trustee also contends that, given insider connections relating to the sale of the Collateral to NOTC, information regarding any subsequent sale or transfer by NOTC is relevant to a determination of the true value of the Collateral. To the extent that the Trustee prevails on his § 550 claim against NOTC, information relating to the location and status of the Collateral is clearly relevant as "of consequence in determining the action." Fed. R. Evid. 401(b).

NOTC nevertheless argues that the Trustee's discovery requests are premature and, therefore, not relevant. In support of its argument, NOTC relies on the following language of § 550: "*to the extent that a transfer is avoided* under § 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred. . . ." 11 U.S.C. § 550(a) (emphasis added). Relying on this provision, NOTC argues that until the Trustee prevails on his avoidance claims, the discovery sought is not relevant and is beyond the scope of permissible discovery "at this time." [Doc. # 40, p. 3]. There is some support for an interpretation of § 550(a) that requires a trustee to first avoid a transfer against an initial transferee before being entitled to recover the transfer from a subsequent transferee. *See Weinman v. Simons (In re Slack-Horner Foundries Co.)*, 971 F.2d 577, 580 (10th Cir. 1992) (finding, without further discussion, that the "to the extent that a transfer is avoided" provision of § 550(a) requires a trustee to first have the transfer of debtor's interest to the initial transferee avoided in order to recover from a subsequent transferee); *Greenwald v. Latham & Watkins (In re Trans-End Tech., Inc.)*, 230 B.R. 101, 104 (Bankr. N.D. Ohio 1998) (declining to read the word "avoided" in § 550(a) to mean "avoidable" and holding that the trustee must first avoid a transfer with respect to the initial transferee before seeking recovery from subsequent transferee). *But see IBT Int'l, Inc. v. Northern (Int'l Admin. Servs., Inc.),* 408 F.3d 689, 708 (11th Cir. 2005); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26, 31 (S.D.N.Y. 2013) (following what it describes as "the majority of courts" that "have rejected the notion that a trustee

must first avoid a transfer against an initial transferee prior to recovering that transfer from subsequent transferees); *Bash v. Textron Fin. Corp.*, 524 B.R. 745, 755 (N.D. Ohio 2015) (noting that "*Trans-End* has been widely criticized" and stating that it agrees that a trustee need not succeed in an avoidance action in order to seek recovery against a subsequent transferee).

However, NOTC cites, and this court has found, no authority for the proposition that discovery relating to a plaintiff's claim brought under § 550 does not satisfy the relevancy requirement of Rule 26(b) where both the initial transferees and the subsequent transferee are all parties to the same proceeding and where the trustee has asserted avoidance claims under the Bankruptcy Code's avoidance statutes in that proceeding. NOTC's argument essentially relates to the timing of the requested discovery and not to its relevancy under Rule 26(b). The court finds that discovery relating to the statutory remedy provided under § 550 may be pursued in conjunction with discovery relating to the avoidance claims just as discovery relating to a damages remedy may be pursued in conjunction with discovery relating to issues of liability. *Cf. Barclay v. Gressit*, No. 2:12-cv-156-JHR, 2013 WL 3819937, *4, 2013 U.S. Dist. LEXIS 103518, *10-11 (D. Me. July 24, 2013) (rejecting argument that requested discovery was premature because the issue of damages would arise only if the defendant were found liable); *Chicago Prof'l Sports Ltd. P'ship v. Nat'l Basketball Ass'n.*, No. 90 C 6247, 1996 WL 66111, *2, 1996 U.S. Dist. LEXIS 1525, *4 (N.D. Ill. Feb. 13, 1996) (stating that "[t]o deny discovery simply because the information sought relates to a claim that is challenged as insufficient is inappropriate").

NOTC also argues that the Trustee is not entitled to discovery regarding any disposition of the Collateral and any value received with respect to such disposition because the Trustee consented to the sale of the Collateral, encouraged it and was aware of the price being paid. According to NOTC, it is disingenuous for the Trustee to now argue that information regarding the ultimate disposition of the Collateral by NOTC is relevant to determining whether the price paid by NOTC was good value. While the Trustee acknowledges that he entered into agreed orders for relief from stay so as to allow Emerald to pursue its rights in the Collateral under nonbankruptcy law, he states he had no further involvement with the Collateral. In any event, the court finds the requested discovery regarding disposition of the Collateral relevant to the issue of value of the Collateral for purposes of recovery under § 550 and thus of consequence in determining the action.

Finally, the Trustee seeks an award of his reasonable attorney fees incurred in filing his Motion to Compel. Where a motion to compel discovery is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion "to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5); Fed. R. Bankr. P. 7037. However, such an award is prohibited where "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

In this case, although the court disagrees with NOTC's arguments, the court finds that there was at least a reasonable basis for objecting to the requested discovery such that an award of attorney fees is inappropriate.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Motion to Compel [Doc. # 39] be, and hereby is, **GRANTED** to the extent it seeks an order requiring NOTC to respond to Interrogatory No. 16 and to Request for Production of Documents No. 3 and is **DENIED** to the extent it seeks an award of attorney fees.

###